JAMES A. WILSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wilson v. Commissioner
Docket No. 17468-80.
United States Tax Court
T.C. Memo 1982-107; 1982 Tax Ct. Memo LEXIS 637; 43 T.C.M. (CCH) 699; T.C.M. (RIA) 82107; March 4, 1982. James E. Caldwell, for the petitioner. Victoria S. Crosley, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $ 2,850.33 in petitioner's Federal income tax for 1977. After concessions, at issue is whether petitioner is entitled to a theft loss deduction for a necklace removed from his home and, if so, the amount of that deduction. FINDINGS OF FACT Some facts have been stipulated and are found accordingly. Petitioner, James A. Wilson, was a resident of Chicago, III., when he filed his petition herein. During 1977, petitioner resided with his mother in a six-room house owned by him. While at work on *638 August 20, 1977, he received a call informing him that a woman was removing items from his home. The woman removing items was a friend of petitioner who had lived with him for approximately two and one-half years. Petitioner called the police and reported numerous items, including a necklace, as stolen. All the reported items, except one credit card, were petitioner's property and were taken without his consent. [1]
The necklace taken consisted of an American 1904 Liberty Head twenty-dollar gold piece framed by twenty-two round cut diamonds (totaling four and one-half carats) and hanging from a twenty-two inch, fourteen carat gold chain. The necklace, which was suitable for wear by either sex, was made for petitioner in June 1977 by Henry Kaplan, a jewelry store owner.Henry Kaplan furnished his labor, the gold piece, the chain, and some of the diamonds for $ 2,200. The remaining diamonds were furnished by petitioner. The diamonds furnished by petitioner were taken from a brooch given him by his mother, and some *639 rings owned by him. Petitioner's basis in the diamonds supplied by him was $ 2,000. [2] On August 20, 1977, the fair market value of the necklace was at least $ 10,000. [3]
A 1977 police report stated the property taken from petitioner's home was being stored at a Chicago moving company. The report classified the furniture as a civil matter, but noted *640 a search warrant could be issued for the necklace. The report also listed a Georgia address and phone number for the woman who had taken petitioner's property. Petitioner tried to contact his former friend, but took no other steps to recover his property. He followed the advice of his attorney and others he trusted that recovering the property would cost more than the property was worth. On his 1977 Federal income tax return, petitioner deducted $ 10,637 ($ 10,737 minus the $ 100 statutory floor) as a theft loss. In his statutory notice of deficiency, respondent disallowed such deduction in its entirety. [4]
OPINION At issue is whether petitioner is entitled to a theft loss deduction for the necklace removed from his home and, if so, the amount of such loss. Section 165(c)(3) allows a deduction for losses of property which arise from "theft." [5] Respondent maintains petitioner did not own the necklace and, even if petitioner did own it, petitioner acquiesced in its taking. Petitioner contends the necklace was his and was taken against his will. On those points, we agree with petitioner. *641 It is clear a theft loss deduction is allowable only to the taxpayer who owns the stolen property. We have found as a fact the necklace belonged to petitioner. Petitioner was a forthright, credible wintess, and we accept his testimony that the necklace was his. Likewise, we believe petitioner that the taking of the necklace was against his will. Petitioner initiated no legal proceedings, civil or criminal, to recover the stolen property. However, he took such a course on the advice of his lawyer and others he trusted that recovery costs would exceed the value of the property given his former friend's exodus to Georgia. The mere fact that probably fruitless or economically ill-advised steps were not taken does not necessarily indicate any acquiescence in the actual taking. [6]
All that remains for decision is the amount petitioner is entitled to deduct with respect to the necklace. The amount *642 allowable as a theft loss is the lesser of the fair market value of the stolen property at the time of the loss or the taxpayer's adjusted basis in the property at that time. Secs. 1.165-8(c) and 1.165-7(b)(1), Income Tax Regs. We have found as facts that, when stolen, the necklace had a fair market value exceeding $ 10,000 and a basis to petitioner of $ 4,200--the $ 2,200 paid to Henry Kaplan plus the $ 2,000 basis in the diamonds supplied by petitioner. Thus, the measure of petitioner's theft loss deduction is $ 4,200, the lesser of the two applicable amounts. In summary, petitioner is entitled to a theft loss deduction of $ 4,200 plus amounts already agreed to by respondent. See note 1, supra. Of course, the total must be reduced by the $ 100 statutory floor. To reflect concessions and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. The parties have agreed certain amounts are deductible with respect to three television sets, a bedroom set, and a set of fireplace tools which were taken.↩
2. The testimony at trial concerning the cost of the rings owned by petitioner from which diamonds were taken was confusing at best. Applying te rule of Cohan v. Commissioner,39 F.2d 540↩ (2d Cir. 1930), bearing heavily against petitioner whose inexactitude was of his own making, and taking into account the value of the rings apart from the removed diamonds, we make the above finding that petitioner had a basis of $ 2,000 in the diamonds supplied by him. We have no evidence upon which to determine petitioner's basis in the brooch given to him by his mother or in a ring given to him by his sister. 3. We base our finding as to fair market value on a written valuation prepared for petitioner by Henry Kaplan in June 1977, and on the testimony of Henry Kaplan, who we found to be a qualified and credible witness.↩
4. See note 1, supra.↩
5. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended.↩
6. Respondent makes no argument that petitioner's theft loss deduction should be reduced or postponed because there existed, during the year in issue, a claim for reimbursement with respect to which there was a reasonable prospect of recovery. See sec. 1.165-1(d)(3), Income Tax Regs.↩